IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **In re Subpoenas to** § | |
| **GARY J. FISCHMAN and ACACIA** § | |
| **RESEARCH GROUP, LLC** § | |
| _____ § | |
| § | |
| PARALLEL SEPARATION § | Miscellaneous Action |
| INNOVATIONS, LLC v. § | No. 4:14-mc-2817 |
| SCHLUMBERGER LIMITED § | |
| (SCHLUMBERGER N.V.); § | |
| SCHLUMBERGER TECHNOLOGY § | |
| CORPORATION; and M-I L.L.C. (d/b/a M-I § | |
| SWACO) (Pending in the United States § | |
| District Court for the Eastern District of § | |
| Texas, Case No. 2:14-cv-00549) | |

**GARY J. FISCHMAN AND ACACIA RESEARCH GROUP, LLC'S
JOINT MOTION TO QUASH SUBPOENAS**

**TABLE OF CONTENTS**

I.           INTRODUCTION ................................................................................................1

II.          JURISDICTION .................................................................................................1

III.         FACTUAL BACKGROUND ..................................................................................3

    A.     ARG Acquires The Patent-In-Suit Long Before Ms. Rutherford Joins And Assigns The Rights To PSI, For Which Mr. Fischman Is Managing Licensing And Enforcement. .............................................................................................3

    B.     A Texas State Court Issues $600,000 In Sanctions And Dismisses Schlumberger's Claims Against Ms. Rutherford After Finding The Claims Baseless. ............................................................................................................4

    C.     Mr. Fischman And ARG Respond Appropriately To Schlumberger's First Set Of Federal Subpoenas To Them In The Western District Suit. ............................5

    D.     Schlumberger Serves Subpoenas In November 2014 To Fish For Disqualification Theories In The Underlying Eastern District Case Here, Which Is Now Seven Months Old. ..................................................................................6

    E.     Schlumberger Does Not Withdraw The Subpoenas Despite Refusing To Show A Threshold Basis For The Disqualification Of Counsel It Claims To Pursue. ...7

IV.         ARGUMENT AND AUTHORITIES ........................................................................8

    A.     Rule 45 Mandates Quashing or Modifying Unduly Burdensome Subpoenas. ....8

    B.     The Subpoenas Are Harassing Because Defendants Are Seeking Irrelevant Information For An Improper Purpose, Again. ...................................................9

    C.     The Subpoenas Harassingly Seek Communications Involving Outside Counsel And Other Privileged Information Directly From Gary Fischman. ..................10

    D.     Mr. Fischman And ARG Respectfully Request That, Due To The Excessive Costs And Distractions They Have Already Incurred, The Court Consider Imposing Appropriate Sanctions Within Its Discretion. ...................................11

V.           CONCLUSION .................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Crosby v. Louisiana Health Serv. & Indem. Co.*,
647 F.3d 258 (5th Cir. 2011) ....................................................................................9

*Hodges, Grant & Kaufmann v. United States*,
768 F.2d 719 (5th Cir. 1985) ....................................................................................11

*Mattel, Inc. v. Walking Mountain Prods.*,
353 F.3d 792 (9th Cir. 2003) ....................................................................................8, 11

*Parallel Innovation Solutions, LLC v. Schlumberger, et al.*,
Case No. 2:14-cv-00549-JRG (E.D. Tex.) Dkt. No. 74.............................................6

*Schlumberger Limited, et al. v. Charlotte Rutherford*,
Case No. 2014-13621 (District Court of Harris County, 127th Judicial
District) .....................................................................................................................4

*Turnbow v. Life Partners, Inc.*,
No. 3:11-CV-1030-M, 2013 WL 1632795 (N.D. Tex. Apr. 16, 2013) ....................8

*Wiwa v. Royal Dutch Petroleum Co.*,
392 F.3d 812 (5th Cir. 2004) ....................................................................................8

## Statutes

FED. R. CIV. P. 26..........................................................................................................9

FED. R. CIV. P. 45(d)(1) ..............................................................................................11

FED. R. CIV. P. 45(d)(1), (3)...........................................................................................3

FED. R. CIV. P. 45(d)(3)(A)(iv) .......................................................................................8

FED. R. CIV. P. 45(d) ......................................................................................................8

I.     INTRODUCTION

Defendant Schlumberger Limited is repeating a harassing and irrelevant fishing expedition in over-charted waters. Third party movant Gary Fischman is a patent licensing executive of third party movant Acacia Research Group, LLC ("ARG") and a member of the Texas Bar. ARG is the corporate parent of plaintiff Parallel Separations Innovation, LLC ("PSI") in the underlying lawsuit. Fischman-ARG seek relief from this Court in what is a repeat chapter, virtually identical to several prior chapters, of Schlumberger's campaign to damage ARG's business and destroy the reputation of Charlotte Rutherford, another ARG employee.

Ms. Rutherford, Mr. Fischman, and ARG have received a series of unduly burdensome subpoenas from Schlumberger *all targeting essentially the same nucleus of issues. (Ms. Rutherford's related motion to quash an identical document subpoena in the instant underlying case is already before this Court as miscellaneous proceeding no. 4:14-mc-02787.)* The current volley of subpoenas has issued is PSI's seven-month-old patent infringement case in the Eastern District of Texas against Schlumberger and its affiliates. The four subpoenas to Fischman-ARG at issue here have nothing to do with the infringement parties' claims or defenses. When Fischman-ARG told Schlumberger the subpoenas were improper before moving to quash, Schlumberger asserted, for the first time, that it is searching for facts supporting disqualification of the plaintiff's counsel in the Eastern District because Ms. Rutherford, a business development executive at ARG, was once a senior in-house lawyer at Schlumberger.

Schlumberger already knows there are no such facts and has been sanctioned in Texas state court for asserting otherwise. On a Friday afternoon in March 2014, in retaliation for a separate infringement suit against Schlumberger by a different ARG subsidiary in the Western District of Texas, Schlumberger filed suit in state court against Ms. Rutherford and simultaneously sought and obtained an ex parte temporary restraining order against her. Ms. Rutherford knew nothing of this until Saturday morning. Schlumberger's suit alleged that Ms. Rutherford breached her fiduciary duty as an attorney and included sensational allegations that Ms. Rutherford misappropriated trade secrets and other confidential information that she

1

supposedly improperly disclosed to ARG.  The declarations Schlumberger submitted in support of a TRO were later exposed as false—but only after the legal blogs had already re-published the salacious allegations about Ms. Rutherford.  After extensive discovery, including two depositions of Ms. Rutherford, the 127th Judicial District Court of Harris County dismissed the lawsuit for lack of evidence and imposed $600,000 in sanctions and attorneys' fees against Schlumberger.  Schlumberger is flogging a long dead horse, and not for the first time.

Soon after the six-figure sanctions, Schlumberger, without inquiring informally beforehand, first subpoenaed ARG and Mr. Fischman in the Western District infringement suit that had triggered Schlumberger's abusive and failed retaliation suit.  Simultaneously, Schlumberger issued identical subpoenas to at least *seven* other "witnesses": ARG's CEO, ARG's public parent holding company, the plaintiff, an unrelated ARG affiliate, Ms. Rutherford, ***the plaintiff's outside law firm, and the plaintiff's lead outside counsel, individually***.  Those subpoenas chased the same issues that had already earned Schlumberger sanctions and dismissal. In that infringement case, the Western District Court judge had authorized the parties to informally exchange limited information in connection with a motion to disqualify counsel that Schlumberger had already filed asserting Ms. Rutherford had confidential information "substantially related" to the issues in the infringement case.  The magistrate quashed the subpoenas to outside counsel and, because the district court had already authorized some exchange of information specific to alleged grounds for disqualification (albeit between the parties), severely limited the requests to other third parties short of quashing them.

The subpoenas here are an even weaker, yet more brazen, attempt to manufacture a disqualification issue to avoid PSI's claims that shale exploration technology provided by Schlumberger and its co-defendant subsidiary, M-I LLC ("MI SWACO"), infringes the patent-in-suit.  Schlumberger has not filed a pleading or motion concerning disqualification before the Eastern District Court in the underlying infringement suit.  ***This discovery, even if it were narrower, has no place in a lawsuit in which the district court has already entered an order limiting discovery governed by the parties' claims and defenses.***  Schlumberger's own pretext

2

for the subpoenas—speculation about grounds for disqualification through Ms. Rutherford—is not credible. Even more incredible is that Schlumberger's multiple subpoenas seek details of ARG's hiring and employment of another wholly unrelated ARG executive who has no background in energy, including details of that person's compensation, and whether that person's compensation is contingent on any business involving Sony Pictures, Inc., a non-party to the underlying patent infringement case. That is just one manifestation of Schlumberger's improper purpose, which warrants an order quashing the subpoenas and any further relief the Court deems appropriate.

## II.     JURISDICTION

Mr. Fischman, ARG's Vice President of Licensing, works in ARG's Houston office and lives in Houston.[1] He is a member of the State Bar of Texas and is admitted to this District Court. Schlumberger has served Mr. Fischman and ARG with identical subpoenas that ultimately would require production of documents in Houston were they enforceable. Therefore, this Court is the proper forum for this motion to quash. FED. R. CIV. P. 45(d)(1), (3).[2]

## III.    FACTUAL BACKGROUND

### A.     ARG Acquires The Patent-In-Suit Long Before Ms. Rutherford Joins And Assigns The Rights To PSI, For Which Mr. Fischman Is Managing Licensing And Enforcement.

Charlotte Rutherford is a former Schlumberger in-house attorney who now works as business development executive at ARG. ARG and its affiliates partner with patent owners concerning technologies applicable in a wide variety of industries and who seek ARG's expertise to license and enforce their intellectual property. In November 2012, ARG acquired rights under U.S. Patent No. 5,593,582 (the "Patent") from a third party and later assigned those rights to its

---

[1] Ex. 1 (Fischman Declaration) at ¶ 2.
[2] The subpoenas issued to ARG demand production of documents and a Rule 30(b)(6) deposition in Newport Beach, California, where ARG has another office. ARG joins this motion for economy's sake. The subpoenas seek the same documents from Mr. Fischman, who works in ARG's Houston office. In fact, the document requests attached to Mr. Fischman's subpoena are directed to "ACACIA RESEARCH GROUP AND GARY FISCHMAN." If the Court determines that Rule 45(d)(3)(A) precludes its jurisdiction over ARG for these purposes, ARG will seek relief elsewhere on the same grounds presented here.

subsidiary, PSI.  *ARG hired Ms. Rutherford in June 2013, at least six months after ARG acquired the Patent, and well after ARG attorneys and engineers had identified Schlumberger and MI-SWACO as potential infringers.*[3]  Unlike Mr. Fischman, Ms. Rutherford is not responsible for managing licensing and enforcement of patents.[4]  Mr. Fischman gave counsel to PSI in the decision to sue Schlumberger and coordinates with PSI's outside counsel concerning litigation strategy.[5]

### B. A Texas State Court Issues $600,000 In Sanctions And Dismisses Schlumberger's Claims Against Ms. Rutherford After Finding The Claims Baseless.

In retaliation for the Western District infringement action filed in February 2014 by Dynamic 3D Geosolutions, LLC, a different ARG subsidiary, Schlumberger immediately began preparing a state court suit against Ms. Rutherford.[6]  Schlumberger's shocking tactics included requesting and obtaining an *ex parte* TRO late on a Friday afternoon, with Ms. Rutherford only hearing of the suit on Saturday.  The legal blogs quickly reported Schlumberger's salacious and false allegations. The complaint alleged that Ms. Rutherford leaked Schlumberger trade secrets and other confidential information to ARG for use in asserting patents against Schlumberger and breached her fiduciary duties as an attorney.  *See Schlumberger Limited, et al. v. Charlotte Rutherford*, Case No. 2014-13621 (District Court of Harris County, 127th Judicial District).

Schlumberger twice deposed Ms. Rutherford in the state court action, and Ms. Rutherford responded to Schlumberger's requests for production and interrogatories.  Schlumberger never filed a motion to compel additional written discovery, nor did it subpoena Mr. Fischman or ARG in connection with the state court suit.  Discovery revealed, among other things, that Schlumberger had its employees file false declarations to get a TRO.  and Schlumberger

---

[3] Ex. 1 (Fischman Declaration) at ¶ 6.
[4] *Id.* at ¶ 5.
[5] *Id.* at ¶ 6.
[6] So as not to burden the Court with duplicative paper, the descriptions of the state court action, the infringement action in the Western District, and the underlying Eastern District infringement action largely summarize the exhibits cited in Ms. Rutherford's related motion to quash pending before this Court as described in the first paragraph of this brief.

4

immediately agreed to dissolve the TRO when exposed. Despite all of this discovery, Schlumberger lacked clear and specific evidence in support of its claims for misappropriation of trade secrets, conversion, breach of fiduciary duty, and theft against Ms. Rutherford. As a result, Harris County District Judge R.K. Sandill dismissed those claims under the Texas "Anti-SLAPP" statute. Judge Sandill awarded Ms. Rutherford $350,000 in attorneys' fees and sanctioned Schlumberger in the amount of $250,000 in an attempt to prevent further misconduct by Schlumberger. The state court action is now on appeal and under an automatic stay of discovery.

### C. Mr. Fischman And ARG Respond Appropriately To Schlumberger's First Set Of Federal Subpoenas To Them In The Western District Suit.

Schlumberger served Fischman-ARG, and seven other non-parties—ARG's CEO, ARG's public parent holding company, the plaintiff, an unrelated ARG affiliate, Ms. Rutherford, the plaintiff's outside law firm, and the plaintiff's lead outside counsel individually—with identical document subpoenas in the Western District Suit only 16 days after being sanctioned in the state court action. The purpose was, ostensibly, to get information for an already pending motion to disqualify Ms. Rutherford, all members of the bar employed by ARG, including Mr. Fischman, and all of the plaintiff's outside counsel. Schlumberger's disqualification theory there and here is based on *the same common nucleus of issues* as Schlumberger's state action against Ms. Rutherford. In the Western District, Schlumberger had at least the pretense of allegations that Ms. Rutherford had counseled Schlumberger in specific litigation involving the product accused of infringement. None exists here.

Schlumberger's subpoenas in the Western District case were nearly as overbroad as those here, and Mr. Fischman and ARG moved to quash. At a hearing on that motion, and in light of the fact that the district court had expressly authorized some exchange of information in connection with adjudicating the pending disqualification motion (albeit not from third parties), the presiding magistrate quashed some of Schlumberger's subpoenas outright and substantially

5

narrowed the scope of Schlumberger's requests to Fischman-ARG, who complied with the requests as limited. Schlumberger's disqualification motion in that case remains pending.

### D. Schlumberger Serves Subpoenas In November 2014 To Fish For Disqualification Theories In The Underlying Eastern District Case Here, Which Is Now Seven Months Old.

Shortly after receiving Mr. Fischman and ARG's productions in the Western District suit, Schlumberger served the instant subpoenas for both documents and deposition testimony in the underlying Eastern District suit, this time on even weaker pretenses than before.[7] The underlying case is now at issue before Judge Rodney Gilstrap. Schlumberger has answered and has not pled or moved concerning its nascent disqualification "theory." When the parties appeared before Judge Gilstrap last month for a conference, Schlumberger made no mention of it. The Court has entered an order limiting discovery to matters "that are relevant to the pleaded claims or defenses involved in this action."[8] Schlumberger made no mention of desiring "disqualification" discovery. The subpoenas have no connection to the parties' claims or defenses.

PSI sued Schlumberger and its now-subsidiary, MI-SWACO, for infringement of the Patent, which relates to industrial devices known as "shale shakers." The infringing shale shakers were developed by MI-SWACO, not Schlumberger. Until August 2010, MI-SWACO was a separate company. MI-SWACO became a subsidiary of Schlumberger only during the last two years of Ms. Rutherford's time at Schlumberger, and MI-SWACO kept its own legal department for some time after the merger.

Nevertheless, the identical subpoenas, which seek documents and deposition testimony, demand broad swaths of information, some of which ostensibly concerns Ms. Rutherford. Ms. Rutherford is not legal counsel for PSI in the infringement case. Schlumberger has all of Ms. Rutherford's former work files; yet it has identified to Fischman-ARG none of Ms. Rutherford's former cases, confidential information, or other work that have any relationship to the issues in

---

[7] Exs. 2-5 (Document and Deposition Subpoenas to Mr. Fischman and ARG in Infringement Action).
[8] Discovery Order at ¶ 3(b), *Parallel Innovation Solutions, LLC v. Schlumberger, et al.*, Case No. 2:14-cv-00549-JRG (E.D. Tex.) Dkt. No. 74.

the infringement action.  In fact, *not only did ARG acquire the Patent long before Ms. Rutherford joined ARG, it had determined Schlumberger and MI-SWACO were potential infringers several months before she arrived.*[9]

Schlumberger's document Requests and deposition Topics reveal a classic and wasteful fishing expedition.  The subject matter is irrelevant to the underlying case and instead dwells on issues such as ARG's "hiring of Rutherford," "Rutherford's compensation structure," "press releases related to Rutherford," all details of ARG's acquisition of the Patent eight months before Ms. Rutherford was hired, the detailed corporate structure of ARG and its affiliates, the identity of every single individual working for those companies, and those individuals' reporting relationships.  Remarkably, several Topics demand detailed information from ARG about another ARG licensing executive who once worked for Sony Electronics, Inc., including that person's "compensation structure."

### E. Schlumberger Does Not Withdraw The Subpoenas Despite Refusing To Show A Threshold Basis For The Disqualification Of Counsel It Claims To Pursue.

On December 2, 2014, Mr. Fischman and ARG served timely objections to the subpoenas for documents issued to them.[10]  On December 4, 2014, Travis Brennan, counsel for Mr. Fischman and ARG, conferred telephonically with R. William Beard, Jr., counsel for Schlumberger, regarding the document subpoenas and objections and the deposition subpoenas.  Mr. Brennan explained that non-parties Mr. Fischman and ARG intended to move to quash the subpoenas because they have no reasonable nexus to the claims and defenses in the infringement case, are overbroad, and appear to be the latest in a series of several attempts by Schlumberger to harass ARG, its employees, or its affiliates.  Mr. Beard disagreed and responded that Schlumberger would oppose.

Mr. Beard asserted the subpoenas were proper to discover a basis for disqualifying PSI's counsel.  Mr. Brennan asked for details of any purported substantial relationship between the

---

[9] Ex. 1 (Fischman Declaration) at ¶ 6.
[10] Exs. 6, 7 (Fischman and ARG Objections to Document Subpoenas in Infringement Action).

work Ms. Rutherford did at Schlumberger and PSI's infringement allegations in this case. Mr. Beard offered none. Mr. Beard merely recited that MI-SWACO owns the infringing shale shaker technology, and that Schlumberger acquired MI-SWACO while Ms. Rutherford was employed by Schlumberger. Mr. Beard referenced those facts as sufficient justification for all the information sought through the multiple subpoenas.[11]

## IV. ARGUMENT AND AUTHORITIES

### A. Rule 45 Mandates Quashing or Modifying Unduly Burdensome Subpoenas.

The Court "must quash or modify a subpoena that . . . subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iv). Whether a subpoena is unreasonably burdensome is determined according to the facts of each case, and the expense and inconvenience to non-parties weighs in favor of quashing the subpoena. *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Rule 45(d) "explicitly authorizes the quashing of a subpoena as a means of protecting a witness from misuse of the subpoena power." FED. R. CIV. P. 45(d) Advisory Committee Notes, 1991. In other words, a non-party subpoena is unduly burdensome if "served for the purpose of annoying and harassment and not really for the purpose of getting information." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 814 (9th Cir. 2003). Additionally, a "facially overbroad subpoena is unduly burdensome." *Turnbow v. Life Partners, Inc.*, No. 3:11-CV-1030-M, 2013 WL 1632795, at *1 (N.D. Tex. Apr. 16, 2013). Schlumberger's subpoenas are both harassing and facially overbroad, making them unduly burdensome on two fronts.

---

[11] Ex. 8. Mr. Brennan memorialized this conversation in an email later that day to Mr. Beard, in which Mr. Brennan advised Mr. Beard that movants would include a request for appropriate sanctions in the motion. Mr. Beard responded with an email that misrepresented the earlier call in which he said he told Mr. Brennan on the call that "M-I SWACO Intellectual Property Strategy documents that expressly talk about the MD-3 Shale Shaker" were given to Ms. Rutherford at an unspecified time. Mr. Brennan immediately disputed that assertion, which is incorrect. Mr. Beard did not offer to share the supposed "documents" or their contents with Mr. Brennan.

8

### B. The Subpoenas Are Harassing Because Defendants Are Seeking Irrelevant Information For An Improper Purpose, Again.

Despite the breadth of discovery in the state action, in which Ms. Rutherford was deposed *after* PSI filed the underlying Eastern District Infringement Action, Schlumberger has uncovered no evidence to support the un-pleaded assertion that Ms. Rutherford triggers disqualification or that she had in her possession or disclosed any confidential information that bears on the issues in this infringement case. Indeed, Schlumberger has already been sanctioned for making such claims. Nonetheless, for the second time, Schlumberger is harassing Ms. Rutherford, Mr. Fischman and ARG with unduly burdensome subpoenas in federal court to distract from the infringement case. Furthermore, ***several Topics and Requests do not even pretend to concern Schlumberger's own pretextual reason for the subpoenas.*** Given the information sought, and described below, the subpoenas should be quashed on this ground alone. *See* FED. R. CIV. P. 26, Advisory Committee Notes, 2000 Amendments ("[Rule 26] signals to the parties that they have *no entitlement to discovery to develop new claims or defenses that are not already identified in the pleadings*") (emphasis added); *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011) ("Rule 26(b) 'has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition.'") (citation omitted).

First, and perhaps most remarkably, several Topics and Requests do not have anything to do with this case, the Patent, Schlumberger, or even Rutherford. Schlumberger demands:

- detailed information about another ARG licensing executive who once worked for Sony Electronics, Inc., including that person's "compensation structure" and whether his compensation is based on litigation against Sony;
- the detailed corporate structure of ARG and its affiliates;
- the identity of every individual working for those companies; and
- those individuals' reporting relationships.[12]

---

[12] *See* Ex. 5 (Deposition Subpoena to ARG) at Topic Nos. 8-11, 23-26; *see also* Exs. 2-3 (Document Subpoenas to Fischman and ARG) at RFP Nos. 8-11.

Second, much of the information sought about Ms. Rutherford does not even purport to be limited to this case or Schlumberger. Schlumberger seeks:

- information generally concerning ARG's "hiring of Rutherford";
- all documents concerning "Rutherford's compensation structure";
- all documents concerning "press releases related to Rutherford";
- details of Ms. Rutherford's involvement in ARG or PSI business or litigation that does not involve Schlumberger; and
- all information about ARG's acquisition of the Patent eight months before Ms. Rutherford joined ARG.[13]

Third, the Requests and Topics improperly seek other broad categories of information concerning Ms. Rutherford with at most a tenuous reference to some litigation concerning the Patent, despite the absence of allegations that Ms. Rutherford ever possessed confidential information related to the issues in this case.[14]

"Fishing expedition" is perhaps inadequate to describe these stunningly abusive demands. The subpoenas seek to expose ARG's irrelevant and confidential business information, private employment and compensation information of Ms. Rutherford and another, totally unrelated, licensing executive, the identities and responsibilities of virtually all ARG employees, and essentially anything else Schlumberger could think of concerning Ms. Rutherford or ARG, all for no justifiable reason. "Scorched earth" is more apt. And it gets worse.

### C. The Subpoenas Harassingly Seek Communications Involving Outside Counsel And Other Privileged Information Directly From Gary Fischman.

Schlumberger demands documents, and a deposition, from Mr. Fischman, who is a licensed attorney counseling PSI in connection with its assertion of the Patent. Mr. Fischman advised PSI in its decision to sue Schlumberger and he coordinates with outside counsel

---

[13] *See* Ex. 5 (Deposition Subpoena to ARG) at Topic Nos. 1-3, 13, 15, 20, 22; *see also* Exs. 2-3 (Document Subpoenas to Fischman and ARG) at RFP Nos. 14, 16-18.
[14] *See* Exs. 2-3 (Document Subpoenas to Fischman and ARG) at RFP Nos. 1-3; *see also* Ex. 5 (Deposition Subpoena to ARG) at Topic Nos. 1-3.

concerning litigation strategy. As a result, a substantial portion of any information or documents that Mr. Fischman may have that could be responsive to the subpoena would constitute attorney work product or be attorney-client privileged. Nevertheless, the subpoenas expressly demand Mr. Fischman's communications with outside counsel, which is unequivocally not discoverable. *See, e.g.*, *Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 720 (5th Cir. 1985) ("[T]he attorney-client privilege protects communications made in confidence by a client to his lawyer for the purpose of obtaining legal advice.")

   **D. Mr. Fischman And ARG Respectfully Request That, Due To The Excessive Costs And Distractions They Have Already Incurred, The Court Consider Imposing Appropriate Sanctions Within Its Discretion.**

Six-hundred thousand dollars in sanctions and attorneys' fees and countless subpoenas later, Schlumberger has yet to learn that its vexatious tactics go far beyond the bounds permitted by law. Even apart from its past misconduct, Schlumberger has a duty to avoid imposing further burden and expense on Mr. Fischman, ARG, and other third parties. *See* FED. R. CIV. P. 45(d)(1). This Court has the power to "enforce this duty and impose an appropriate sanction—which may include . . . reasonable attorney's fees." *Id.* A further deterrent is necessary for Schlumberger. Fischman-ARG submit that further sanctions would be appropriate and well within the Court's discretion here. *See Mattel Inc.*, 353 F.3d at 814 (affirming sanctions under Rule 45 based on "pattern" of "oppressive" litigation conduct by issuer of subpoena).

## V. CONCLUSION

For the reasons stated above, Mr. Fischman and ARG respectfully ask the Court to quash Schlumberger's four subpoenas to Fischman-ARG in their entirety and to grant any further relief the Court deems appropriate.

Dated: December 5, 2014

Respectfully submitted,

**ATLAS LAW PLLC**

*/s/ Katharine M. Atlas*

Katharine M. Atlas
Texas Bar No. 24080777
S.D. Tex. No. 1505751
2525 Robinhood Street
Houston, Texas 77005
Telephone: (713) 561-5544
Facsimile: (832) 201-9874
katlas@atlastriallaw.com

LEAD COUNSEL FOR
MOVANTS/THIRD PARTIES
GARY FISCHMAND AND
ACACIA RESEARCH GROUP, LLC

<u>**OF COUNSEL**</u>**:**

**STRADLING YOCCA CARLSON & RAUTH, P.C.**

Marc J. Schneider, CA State Bar No. 214609
  mschneider@sycr.com
Travis P. Brennan, CA State Bar No. 238119
  tbrennan@sycr.com
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100

OF COUNSEL FOR
MOVANTS/THIRD PARTIES
GARY FISCHMAN AND
ACACIA RESEARCH GROUP, LLC

## **CERTIFICATE OF CONFERENCE**

      I hereby certify that, on December 4, 2014, I conferred by telephone with R. William Beard Jr., counsel for Schlumberger Limited, about why Schlumberger should withdraw subpoenas to Gary Fischman and Acacia Research Group, LLC, which relief Mr. Fischman and Acacia Research Group, LLC would move for if necessary. Mr. Beard responded that his client would not agree to the relief sought.

                                        */s/ Travis P. Brennan*
                                        Travis P. Brennan

## **CERTIFICATE OF SERVICE**

 I hereby certify that, on December 5, 2014, a true and correct copy of the foregoing document was served by email on the following counsel who issued the subpoena in question:

**R William Beard , Jr**
King & Spalding LLP - Austin
401 Congress Avenue
Suite 3200
Austin, TX 78701
512-457-2000
Fax: 512-457-2100
Email: wbeard@kslaw.com

           */s/ Katharine M. Atlas*

           Katharine M. Atlas