UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE SUBPOENA TO<br>GARY J. FISCHMAN and ACACIA RESEARCH<br>GROUP, LLC | Civil Action No. 4:14-mc-2817<br><br>JURY TRIAL DEMANDED |

## DEFENDANTS' RESPONSE TO GARY J. FISCHMAN AND ACACIA RESEARCH GROUP, LLC'S MOTION TO QUASH SUBPOENAS

Schlumberger N.V. (Schlumberger Limited), Schlumberger Technology Corporation, and M-I L.L.C. dba M-I SWACO ("M-I SWACO") (collectively "Schlumberger" or "Defendants") respectfully file this response in opposition to Gary J. Fischman and Acacia Research Group, LLC's ("ARG") (collectively, "Movants") Motion to Quash Subpoenas. The subpoena at issue relates to a patent infringement lawsuit brought by Parallel Separations Innovations LLC ("PSI") against Schlumberger in the United States District Court for the Eastern District of Texas. *See Parallel Separation Innovations LLC, v. Schlumberger N.V. (Schlumberger Limited) et al.*, No. 2:14-cv-00549 (E.D. Tex. Apr. 25, 2014) ("Eastern District Action").

### I.     SUMMARY

Schlumberger's subpoenas to Fischman and ARG seek discovery of facts that are highly relevant to whether Fischman, ARG, and ARG's outside counsel should be disqualified from representing PSI in the Eastern District Action. Contrary to Movants' assertions, none of this information is duplicative of discovery that has been obtained in other lawsuits involving Schlumberger. The Eastern District Action involves patent infringement claims related to a different patent and a different accused product—subject matter that is distinct from that of the other pending cases. And Schlumberger's subpoena requests reflect this difference. Moreover, Schlumberger has served multiple subpoenas on Fischman and ARG because Fischman and

ARG have set up multiple shell corporations to file multiple lawsuits against Schlumberger after ARG hired Schlumberger's former Deputy General Counsel for Intellectual Property (the chief IP officer of the company) and failed to establish an ethical screen to protect Schlumberger's interests. Because Schlumberger's subpoenas comport with the liberal discovery regime implemented by the Federal Rules and are not "unduly burdensome," Movants' motion to quash should be denied.

Fischman and ARG are clearly attempting to game the system and to withhold this discovery. Indeed, in responses served two days ago, PSI—the plaintiff in the Eastern District Action—failed to provide any information in response to an interrogatory request seeking details of any ethical wall between Rutherford and ARG/Fischman/PSI. PSI objected that the interrogatory "seeks information that is not within the possession, custody, or control of PSI" and that the "information may reside with Acacia Research Group and with Charlotte Rutherford." Ex. A at 4-5. It is simply incredible that Fischman and ARG are attempting to quash a subpoena that seeks the very information that PSI—a wholly owned subsidiary of ARG, created for the purpose of bringing this litigation—refuses to provide.

As discussed at the December 12, 2014, hearing before this Court ("Hearing"), the disqualification issue relates to ARG's hiring of Charlotte Rutherford, Schlumberger's former Deputy General Counsel for Intellectual Property, and her involvement in the Eastern District Action.[1] Through their motion, Movants improperly attempt to avoid discovery relating to whether they or ARG's outside counsel should be disqualified from representing PSI in the

---

[1] Ms. Rutherford acknowledged that her participation in the Eastern District Action is improper by agreeing to refrain from advising PSI in that action going forward. *See* Dkt. 11. As a result, Schlumberger agreed to withdraw the Rutherford subpoena. See Dkt. 10, No. 4:14-mc-02817 (S.D. Tex. Dec. 16, 2014).

Eastern District Action. At the Hearing, this Court instructed Rutherford, Fischman, and ARG to submit "heartfelt" declarations in response to Schlumberger's subpoena requests that relate to the disqualification issue. *See* Ex. G, Hearing Tr. 36:4-24 (Rutherford and ARG), 39:6-40:2 (Fischman and ARG). Unfortunately, the carefully-worded declaration fails to address Fischman, ARG, or ARG's outside counsel. For example, disqualification of Fischman and ARG may be necessary because these parties failed to state that they will not participate in the Eastern District Action. *See* Dkt. 12. In addition, the declaration is silent as to whether ARG established an ethical wall upon hiring Rutherford prohibiting her from communicating with Fischman or any other ARG employee regarding Schlumberger and the Eastern District Action.[2] The declaration is likewise silent as to Rutherford's participation in the decision to sue her former clients in the Eastern District Action. These glaring deficiencies highlight Schlumberger's concern that Rutherford has, in fact, improperly participated in the Eastern District Action, facts that go to the heart of the disqualification issue.

Fischman's declaration submitted with the motion to quash does not alleviate Schlumberger's concerns. The Fischman declaration attempts to leave this Court with the impression that Rutherford has not participated in the Eastern District Action—but it fails to affirmatively make such a statement. Fischman merely states that (1) Schlumberger and M-I SWACO were identified as *potential* targets prior to Rutherford's employment with ARG, (2) Fischman handles the day-to-day litigation, and (3) Rutherford is "a business development executive." *See* Mot. at Ex. 1 ¶ 4-6. These statements are silent as to (1) Rutherford's

---

[2] Rutherford's assertion that she "has not shared . . . Schlumberger's confidential information with Gary Fischman, Acacia, PSI, or their outside law firms" is beside the point and does not answer the questions whether ARG established an effective ethical wall and whether Rutherford has improperly participated in the lawsuit against Schlumberger.

3

participation in the Eastern District Action, and (2) Rutherford's communication with Fischman, ARG, and/or ARG's outside counsel regarding the Eastern District Action.

This Court should not give Fischman/ARG the benefit of the doubt in light of these vague declarations. Schlumberger has moved to disqualify Fischman and ARG in a case that another wholly-owned subsidiary of ARG brought against Schlumberger in the Western District of Texas. *See Dynamic 3D Geosolutions LLC v. Schlumberger Limited (Schlumberger N.V.) et al.*, No. 1:14-cv-112 (W.D. Tex.) ("Western District Action"). In that case, ARG made similar representations to the court that were demonstrably false. For example, the plaintiff argued that Rutherford "has not participated in the present lawsuit by Dynamic against Schlumberger *in any capacity*." Response to Mot. to Disqualify, Dkt. 61, No. 1:14-cv-00112, at 7 (W.D. Tex. Aug. 5, 2014) (emphasis added) (attached as Ex. B). Nevertheless, documents produced in response to Rule 45 subpoenas to Fischman, ARG, and Rutherford revealed swaths of emails between Fischman and Rutherford related to the Dynamic/Schlumberger lawsuit. In one of the most egregious cases, Fischman forwarded the draft complaint against Schlumberger (prepared by outside counsel) to Rutherford for review. *See* Dkt. 114-29, No. 1:14-cv-00112 (W.D. Tex. Nov. 26, 2014) (attached as Ex. C). Rutherford gave her approval and asked Fischman to convey that approval to ARG's outside law firm. *Id.* In other words, Fischman acted as a conduit between outside counsel and Rutherford in that case.

Schlumberger should be entitled to discover whether Fischman and ARG played a similar role in the Eastern District Action. The discovery sought by Schlumberger's subpoenas is the only means by which Schlumberger can discover this information. Knowing of Rutherford's ethical obligation to her former clients, and having set up a shell company to sue those former

4

clients, Fischman and ARG should not be heard to complain that the current, narrowly-tailored subpoenas are "unduly burdensome." Accordingly, this Court should deny the motion to quash.

Further, ARG's motion should be denied because ARG failed to comply with Rule 45 by filing this motion to quash outside of the district where compliance is required. As a result, this Court does not have jurisdiction to quash the ARG subpoena. *See* Fed. R. Civ. P. 45(d)(3)(A) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena …."); *see also Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14-cv-87, 2014 WL 1576917, at *1 (S.D. Ohio Apr. 18, 2014) ("[T]he applicable provisions of Rule 45(d)(3) only allow 'the court for the district where compliance is required' to quash or modify the subpoena.") (attached as Ex. D). ARG's assertion that Schlumberger has consented to jurisdiction or waived this jurisdictional defect (Dkt. 11) is factually and legally incorrect; Schlumberger has not consented to jurisdiction, and a party cannot consent to jurisdiction where the court has none. *See Johnson v. U.S.*, 460 F.3d 616, 621 (5th Cir. 2006) ("[B]ecause federal courts are courts of limited jurisdiction, the parties cannot confer subject matter jurisdiction by . . . consent." (footnotes, citations, and quotations omitted)).

Finally, this Court should deny Fischman and ARG's request for sanctions because it is based on the assertion that Schlumberger's subpoena seeks irrelevant and duplicative information and is unduly burdensome. As discussed herein, this assertion could not be further from the truth.

## II. BACKGROUND

### A. Rutherford's Move from Schlumberger In-House Counsel to Acacia and Subsequent Lawsuits Against Schlumberger.

From 2006-2013, Rutherford held positions as (1) Senior Counsel, responsible for Schlumberger's global IP licensing and litigation, and (2) Deputy General Counsel for

5

Intellectual Property, the chief IP officer of the company. Rutherford left Schlumberger and joined the well-known patent assertion entity Acacia Research Group LLC ("ARG"). Shortly after Rutherford joined ARG, ARG set up two wholly-owned shell companies that separately sued Schlumberger in two different patent infringement actions. *See* Dkt. 1, Complaint, Eastern District Action (E.D. Tex. Apr. 25, 2014); Dkt. 1, Complaint, Western District Action (W.D. Tex. Feb. 4, 2014).

### B.     The Western District Action.

Prior to the initial pretrial conference in the Western District Action, Schlumberger notified the court (via letter) regarding the looming disqualification issue. Dkt 40, Western District Action, at 1-2. At the initial pretrial conference, Judge Yeakel encouraged the parties to work out a compromise. *Id.* at 2. Thereafter, Judge Yeakel issued a scheduling order staying all discovery except for discovery related to claim construction. Dkt. 25, Western District Action, ¶ 3. Months later, the parties informed the court that they were unable to reach a compromise on the disqualification issue. Dkt. 40, Western District Action, at 1. The court then held a hearing on the issue, and opened discovery to allow the filing of Schlumberger's motion to disqualify. *See* Dkt. 44, Western District Case, at 36:14-38:18. The court also opened discovery related to the motion. *Id.*

Thereafter, Schlumberger subpoenaed Rutherford, Fischman, and ARG with subpoenas issued from the United States District Court for the Southern District of Texas (Rutherford and Fischman) and for the Central District of California (ARG). All three parties moved to quash those subpoenas. *See* Dkt. 1, *In re Subpoena to Charlotte H. Rutherford*, No. 4:14-mc-02315 (S.D. Tex. Aug. 26, 2014); Dkt. 1, *Dynamic 3D Geosolutions LLC v. Schlumberger Limited (Schlumberger N.V.) et al.*, No. 4:14-mc-2440 (S.D. Tex. Oct. 14, 2014). Judge Ellison held a

6

hearing on the Rutherford motion. At the hearing, the parties informed the court that they had reached a compromise based on an amended (narrowed) version of the original subpoena requests, and Rutherford agreed to the narrowed requests. Judge Ellison transferred the motions to quash subpoenas to Fischman and ARG to the Western District of Texas after the parties filed an unopposed motion to transfer. Dkts. 3, 5, *Dynamic 3D Geosolutions LLC v. Schlumberger Limited (Schlumberger N.V.) et al.*, No. 4:14-mc-2440 (S.D. Tex. Oct. 23, 2014). The Western District court denied Fischman and ARG's motion to quash and ordered that they respond to amended versions of the subpoenas. *See* Dkt. 31, *In re Subpoenas to Gary Fischman and Acacia Research Group LLC*, No. 1:14-cv-967, at 5-6 (W.D. Tex. Nov. 7, 2014) (attached as Ex. E).

After discovery and full briefing, Judge Yeakel held a hearing on the disqualification motion. Dkt. 113, Western District Action. No decision has been entered.

### C. The Instant Subpoenas.

At the outset of the Eastern District Action (and before discovery opened), Schlumberger sent a letter to PSI's counsel to provide notice of the disqualification issue and Schlumberger's plan to take discovery related thereto. Ex. F (Beard Ltr. Aug. 19, 2014). On November 17, 2014, discovery opened in the Eastern District Action. Within a week, Schlumberger promptly served subpoenas on Rutherford, Fischman, and ARG. Knowing the history of the Western District Action, Schlumberger sought to avoid a dispute over these subpoenas by tailoring the requests from the Western District subpoenas that were agreed to (Rutherford) or were expressly approved by the Western District court (Fischman and ARG). Schlumberger made slight modifications to tailor those requests to the specific facts of this case. For example, modifications were made to specifically identify the different patent, parties, and technology at issue in the Eastern District Action. Schlumberger then added a number of additional requests

7

that were not present in the amended Western District subpoenas. These additional requests seek information related to any ethical wall that ARG may have established with respect to Rutherford, Rutherford's involvement in the Eastern District Action, and ARG's pattern of hiring in-house counsel for the purpose of suing that attorney's former client (e.g., requests related to Sony).

## III. ARGUMENT

The moving party has the burden of proof to demonstrate that compliance with the subpoena would be "unreasonable and oppressive." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004). Fischman/ARG have fallen far short of carrying that burden. With respect to ARG's motion, ARG failed to comply with Rule 45 by filing the motion to quash in this district where compliance with the subpoenas was ordered in the Central District of California. As a result, this Court lacks jurisdiction to decide the issue as it relates to ARG.

### A. Movants' Relevance Objections Lack Merit.

The information Schlumberger seeks is highly relevant to whether Fischman, ARG, or ARG's outside counsel in the Eastern District Action should be disqualified.[3] In Texas Federal Courts, motions to disqualify are governed by the "substantial relationship" test, where the party seeking disqualification has the burden to show: (1) an actual attorney-client relationship between the movant and attorney he seeks to disqualify; and (2) a substantial relationship between the subject matter of the former and present representations. *In re Am. Airlines,*

---

[3] Movants incorrectly imply that Schlumberger's failure to have already filed a motion to disqualify somehow negates the relevance of the discovery. *See* Mot. at 9. The Amendments to the Federal Rules simply state that Rule 26 may limit *party* discovery (not non-party discovery) to claims or defenses in the pleadings. This has no bearing on a disqualification motion, which is a mechanism that is used to ensure the integrity of the legal system. Further, Rule 26 allows for discovery "of any matter relevant to the subject matter involved in the action" upon a showing of good cause. At the very least, Schlumberger has through this response shown good cause for the discovery it seeks.

*Inc.*, 972 F.2d 605, 614 (5th Cir. 1992).[4]  Here, there is no dispute as to the first prong. From 2006-2009, Rutherford was Senior Counsel responsible for Schlumberger's global IP licensing and litigation. From 2009-2013, Rutherford was the Deputy General Counsel for Intellectual Property, the chief IP officer of the company.

As to the second prong, during the December 12 Hearing, the Court conducted an *in camera* review of privileged documents that show that Rutherford's prior representation of Schlumberger involved subject matter that is substantially related to the PSI Action.  Ex. G, Hearing Tr. 12:7-17:20; *see also* Schlumberger Response to Rutherford Motion to Quash, Dkt. 6, No. 4:14-mc-2787, at 7-10 (S.D. Tex. Dec. 5, 2014).  For example, as early as 2011 Rutherford was involved in M-I SWACO's "Global IP Strategy" which included assessments of intellectual property related to M-I SWACO's MD-3 Shale Shaker product, the product-at-issue in the instant patent infringement suit.  *Id.* at Ex. A, SLB Log, H11502-0002-014864 & H11502-0033-085552.  Rutherford also commissioned and reviewed a patent landscape study for M-I SWACO's shale shaker technology.  *Id.*  These documents show that Schlumberger's disqualification concerns are real, and that this subpoena is not merely a "fishing expedition." Indeed, Ms. Rutherford has implicitly acknowledged the impropriety of her participation in the Eastern District Action and the harm it causes to Schlumberger by agreeing to refrain from advising PSI in that action going forward.  *See* Dkt. 11.

---

[4]  *See also John Crane Prod. Solutions. Inc. v. R2R & D. LLC*, 3:11-CV-3237-D, 2012 WL 3453696, at *2 (N.D. Tex. Aug. 14, 2012) (unpublished opinion) (citing *Am. Airlines*, 972 F.2d at 614) (applying substantial relationship test); *OneBeacon Ins. Co. v. T. Wade Welch & Associates*, No. H-11-3061, 2012 WL 393309, at *3 (S.D. Tex. Feb. 6, 2012) (unpublished opinion) (same); *In re Gayken*, No. 09-05-169-CV, 2005 Tex. App. LEXIS 4688, at *4 (Tex. App. Beaumont June 16, 2005, pet. filed) ("Rule 1.09 provides the guiding rule and relevant considerations for a court in determining whether an attorney's representations . . . presents a conflict with a former client.").

Fischman and ARG make a big deal of the fact that ARG allegedly "identified Schlumberger and MI-SWACO as potential infringers of the '582 patent" "[m]onths before Rutherford ever joined Acacia." Mot. at 4. Even if true, this provides no basis to quash the subpoenas. And it is uncontroverted that PSI (ARG) did not file an infringement lawsuit naming Schlumberger and M-I SWACO until *after* Rutherford joined ARG, which begs the question: Was Rutherford instrumental or involved in any way with ARG's ultimate decision to sue her former clients, its filing of the complaint, its choice of venue or parties, or with any other aspect of the suit?

Schlumberger's subpoenas to Fischman and ARG seek documents that can only be obtained from these entities and that are not in Schlumberger's possession. First and foremost, many of the subpoena requests seek communications between Rutherford, Fischman, and other individuals at ARG, PSI, and law firms representing PSI. Mot. at Ex. 2 (Requests Nos. 1-7, 12). Other requests seek information related to any ethical wall that ARG may have established to protect Schlumberger. *Id.* (Requests Nos. 13, 15). Still others seek information related to Rutherford's participation in the Eastern District Action. *Id.* (Requests 14, 16).

There can be no doubt that the only way for Schlumberger to obtain this information is through this non-party discovery. Indeed, Schlumberger's recent attempts to get some of this information through discovery of plaintiff PSI has proven unsuccessful. PSI recently objected to interrogatories seeking information related to any ethical wall between Rutherford and ARG/Fischman/PSI on the ground that the interrogatories "seek[] information that is not within the possession, custody, or control of PSI" and that the "information may reside with Acacia Research Group and with Charlotte Rutherford." Ex. A at 4-5. Fischman and ARG should not be allowed to avoid discovery by playing this corporate shell game.

Finally, Rutherford, PSI, ARG, and ARG's outside law firm in the Western District Action have argued that Rutherford's knowledge is not imputed to them and that, in order to win a disqualification motion, Schlumberger must prove that Rutherford actually communicated confidential information to them. *See* Dkt. 61, Western District Case, at 11-13 (attached as Ex. B). While unavailing,[5] Schlumberger expects this same argument in the Eastern District Action. Fischman and ARG should not be allowed to speak out of both sides of their mouths by arguing to this Court that this information is completely irrelevant.

### B. Schlumberger's Subpoena Does Not Seek Duplicative Information And Is Not Prohibited By The Discovery Order In The Eastern District Action.

None of the information Schlumberger seeks is duplicative of discovery that has been obtained in the other lawsuits. The instant action involves patent infringement claims related to a different patent and a different accused product, and the subpoena requests reflect this difference. Indeed, many of the subpoena requests are specific to the instant action, which involves U.S. Patent No. 5,593,582 (the "'582 Patent") and M-I SWACO's MD-3 Shale Shaker product. In contrast, the discovery in the Western District Action "largely focus[ed] on [Rutherford's] knowledge of [the] Petrel [product], the '319 patent, and the ['319] patent lawsuit." Dkt. 18, No. 4:14-mc-02315, at 2 (S.D. Tex.). Simply, the subject matter of this case is different from the subject matter in the other pending litigation. It is not, therefore, duplicative. And while Fischman and ARG complain about repeated discovery requests, this is simply necessitated by the fact that Fischman and ARG have 1) refused to agree to

---

[5] Under Texas Rule of Professional Conduct 1.09(b), Rutherford's conflict is irrebuttably imputed to all other counsel in ARG's legal department. Further, disqualification of co-counsel (ARG's outside counsel) is required where it appears an attorney with imputed knowledge of his adversary's confidences (e.g., Fischman) has shared those confidences with co-counsel. *In re Am. Home Prods.*, 985 S.W.2d 68, 81 (Tex. 1998).

Schlumberger's request to share discovery across the two actions (*see* Ex. H), and 2) set up multiple shell corporations to file multiple lawsuits against Schlumberger without any indication that an ethical screen has been established to protect Schlumberger's information. In other words, it is a problem of their own making.

Further, Movants' assertion that the court in the Eastern District Action "has already entered an order limiting discovery governed by the parties' claims and defenses" is false and reads the court's order completely out of context. Paragraph 3(b) of the cited order is not limiting, but merely requires that the parties produce—without awaiting discovery requests—documents "that are relevant to the pleaded claims or defenses involved in this action." Ex. I at 2-3 (¶ 3(b)). Moreover, this provision relates to the parties in an action and does not purport to have anything to do with Rule 45 subpoenas to non-parties. *See id.*

Finally, whether "a substantial portion" of the information sought might be privileged is no basis for quashing the motion. *See* Mot. at 10-11. Rather, the Rules provide that Fischman and ARG are to provide a privilege log so that Schlumberger can evaluate the veracity of the privilege claims. Rule 45(e)(2)(A). Moreover, Fischman/ARG do not claim that "all" of the information sought is privileged, and thus implicitly admit that they possess discoverable, non-privileged information to which Schlumberger is entitled.

    **C.    The Cited Decision in an Unrelated State Court Action Between Schlumberger and Rutherford is Irrelevant to this Motion.**

Fischman/ARG's discussion of the state court action is a transparent attempt to vilify Schlumberger. In reality, that case is irrelevant to the issues here, as there is nothing in common between Schlumberger's legal claims in the state court action (the "Harris County Action" now on appeal) and the issues related to a potential disqualification motion in the Eastern District Action. In the Harris County Action, Schlumberger claims that Rutherford committed tortious

acts and breached contractual obligations under Texas state law through, among other things, stealing Schlumberger's confidential information stored on Schlumberger computer storage devices. A motion to disqualify Fischman and others from representing plaintiff PSI in the Eastern District Action does not assert the same cause. Rather, it relies on an application of the Fifth Circuit's law of professional responsibility that governs attorney conduct occurring in connection with any proceeding before a Texas federal district court. In this regard, this Court must heed the Fifth Circuit's holding that a "[d]istrict [c]ourt is obliged to take measures against unethical conduct occurring in connection with any proceeding before it." *In re Am. Airlines*, 972 F.2d 605, 611 (5th Cir. 1992) (quotation and citations omitted).

### D. This Court Lacks Authority to Quash the Subpoena to ARG.

This Court does not have jurisdiction to quash the Acacia subpoenas, as jurisdiction is vested with the U.S. District Court for the Central District of California where compliance with the Acacia subpoenas is required. *See* Fed. R. Civ. P. 45(d)(3)(A) ("On timely motion, the court for the district where compliance is required must quash or modify a subpoena . . . ."); *see also Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14-cv-87, 2014 WL 1576917, at *1 (S.D. Ohio Apr. 18, 2014) ("[T]he applicable provisions of Rule 45(d)(3) only allow 'the court for the district where compliance is required' to quash or modify the subpoena.") (attached as Ex. D).[6]

---

[6] Cases from other districts reach the same conclusion. *See Agincourt Gaming, LLC v. Zynga, Inc.*, No. 2:14-cv-0708, 2014 WL 4079555, at *3 (D. Nev. Aug. 15, 2014) ("Under the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion.") (attached as Ex. L); *Synqor, Inc. v. VicorCorp.*, No. 3:14-mc-79, 2014 WL 2519242, at *2 (N.D. Tex. Jun. 3, 2014) ("Rules 45(d) and 26(c) provide no authority in the first place for this Court to hear and decide a motion to quash these subpoenas or for a protective order.") (attached as Ex. M); *KGK Jewelry, LLC v. ESDNetwork*, No. 11 Civ. 9236, 2014 WL 1199326, at *3 (S.D.N.Y. Mar. 21, 2014) ("Jurisdiction over a motion to quash or modify, however, remains with 'the court for the district where compliance is required.'") (citing Fed. R. Civ. P. 45(d)(3)) (attached as Ex. N).

Schlumberger served Acacia with two subpoenas at its Newport Beach, California headquarters. Ex. J (subpoena for documents) and Ex. K (subpoena for deposition). Both subpoenas require compliance at King & Spalding LLP's offices in Los Angeles, which is located within the Central District of California. Thus, this Court lacks jurisdiction to resolve Acacia's Motion to Quash.

Acacia's assertion that Schlumberger has consented to jurisdiction or waived the jurisdictional defect (*see* Dkt. 11) is incorrect as a matter of law. It is black letter law that "federal courts are courts of limited jurisdiction, [and] the parties cannot confer subject matter jurisdiction by . . . consent." *Johnson v. U.S.*, 460 F.3d 616, 621 (5th Cir. 2006) (footnotes, citations, and quotations omitted). Thus, it does not matter what Schlumberger said or did in the Hearing; Schlumberger's actions cannot confer this Court with jurisdiction to hear ARG's motion to quash. In any case, Schlumberger informed the Court during the Hearing of the jurisdictional defect (*see* Ex. G, Hearing Tr. 38:6-15) and then reiterated this concern in responding to the declaration filed by Movants (*see* Dkt. 10). Even if it could waive the jurisdictional defect, it is clear that Schlumberger has not.

### E. Fischman and ARG's Motion for Sanctions Lacks Merit.

Fischman and ARG's request for sanctions is based on the unfounded contention that Schlumberger's subpoena seeks irrelevant and duplicative information and is unduly burdensome. (Mot. at 11.) For the reasons discussed above, Fischman and ARG are wrong on all counts. Accordingly, there is no basis for Movants' request for sanctions.

## IV. CONCLUSION

For the foregoing reasons, this Court should deny Fischman and ARG's motion to quash and motion for sanctions.

Dated: December 24, 2014

Respectfully submitted,

*/s/ R. William Beard, Jr.*
Bruce W. Slayden II
State Bar No. 18496695
bslayden@kslaw.com
R. William Beard, Jr.
State Bar No. 00793318
wbeard@kslaw.com
Brian C. Banner
State Bar No. 24059416
bbanner@kslaw.com
**King & Spalding LLP**
401 Congress Avenue, Suite 3200
Austin, TX 78701
Telephone: (512) 457-2000
Facsimile: (512) 457-2100

**ATTORNEYS FOR DEFENDANTS SCHLUMBERGER N.V., SCHLUMBERGER TECHNOLOGY CORPORATION, AND M-I L.L.C. D/B/A M-I SWACO**

## CERTIFICATE OF SERVICE

I hereby certify that DEFENDANTS' RESPONSE TO GARY J. FISCHMAN AND ACACIA RESEARCH GROUP, LLC'S JOINT MOTION TO QUASH SUBPOENAS are being sent via e-mail to all counsel of record pursuant to Local Rule cv-5(a).

Dated: December 24, 2014

*/s/ R. William Beard, Jr.*
R. William Beard, Jr.