IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re Subpoenas to **GARY J. FISCHMAN and ACACIA RESEARCH GROUP, LLC** _____ PARALLEL SEPARATION INNOVATIONS, LLC v. SCHLUMBERGER LIMITED (SCHLUMBERGER N.V.); SCHLUMBERGER TECHNOLOGY CORPORATION; and M-I L.L.C. (d/b/a M-I SWACO) (Pending in the United States District Court for the Eastern District of Texas, Case No. 2:14-cv-00549) | § § § § § § § § § § § § § § § | Miscellaneous Action No. 4:14-mc-2817 |

## REPLY IN SUPPORT OF
## GARY J. FISCHMAN AND ACACIA RESEARCH GROUP, LLC'S
## JOINT MOTION TO QUASH SUBPOENAS

### INTRODUCTION

In light of Schlumberger defying the Court's directive to withdraw subpoenas to Gary Fischman and Acacia Research Group, LLC ("ARG"), the Court should grant the motion to quash and craft any other relief it deems appropriate. At the hearing on December 12, 2014, the Court told Schlumberger to withdraw the subpoenas once Charlotte Rutherford, ARG, and plaintiff Parallel Separation Innovations, LLC ("PSI") filed a joint declaration that: (1) described Ms. Rutherford's job at ARG, and (2) confirmed that Ms. Rutherford was not, and would not be, an attorney in PSI's patent suit against Schlumberger pending in the Eastern District. It did so after exposing the lack of merit in Schlumberger's contention that Ms. Rutherford possesses confidential Schlumberger information bearing a substantial relationship to the patent suit. Movants and PSI promptly followed the Court's directions, but Schlumberger did not. Instead, Schlumberger now further conditions withdrawal of the subpoenas on ARG voluntarily disqualifying each and every one of its licensing executives, including

1 | MOVANTS' REPLY IN SUPPORT OF MOTION TO QUASH

Mr. Fischman, from the patent suit. Schlumberger again argues that the Court has no authority to decide the motion to quash as it relates to ARG, despite having already invoked this Court's authority (unsuccessfully) to transfer the motion, along with Charlotte Rutherford's motion, to the Eastern District. Schlumberger's defiance of this Court's authority and directions warrants formal relief.

## ARGUMENT AND AUTHORITIES

**A.     The Declaration Filed After The December 12, 2014 Hearing Complied With The Court's Requirements, But Schlumberger Insists That Fischman-ARG Voluntarily Disqualify Themselves From the Patent Suit Before Honoring The Court's Directive To Withdraw The Subpoenas.**

Schlumberger incorrectly claims that the joint declaration filed concerning Ms. Rutherford includes "glaring deficiencies." (ECF Doc. 13 (Schlumberger Opp.) at 3.) The hearing transcript confirms that is untrue. The Court ordered a "one-page commitment from Acacia and Parallel—just go ahead and throw them in—about what it will allow Rutherford to do and what her job description is. And I don't want the title, intergalactic licensing guru. I want to know in plain English objective terms about what she works on and what she does. And then I want Rutherford, Acacia, and Parallel to all sign it." (ECF Doc. 14-1 (Schlumberger's excerpts of December 12, 2014 hearing) at 36:5-11.) The Court further stated "I assume that declaration about this [patent] case will be she won't have anything to do with it, period. That should be fairly easy to draft. And then the rest of it, I don't know what she's doing, he doesn't know. So just something specific that she does." (*Id.* at 36:15-21.)

This exchange followed between the Court and Schlumberger's counsel:

> **THE COURT:  If they give the declaration, you're going to withdraw those subpoenas, aren't you?**
>
> **MR. BEARD:  Yes, Your Honor.**

(*Id.* at 38:16-18.)

The next business day, Movants filed a one-page declaration complying precisely with the Court's order, signed by Ms. Rutherford, a representative of ARG, and a representative of PSI, as the Court had specifically directed. (ECF Doc. 8 (Declaration).) The declaration states that Ms. Rutherford's job consists of finding patent owners and negotiating deals with them for ARG or its

affiliates to license their patents for mutual benefit, as well as overseeing administrative tasks at ARG's Houston office. (*Id.*) The declaration also states that Ms. Rutherford "is not, and will not be, an attorney in PSI's suit against Schlumberger. She has not shared, and will not share, any of Schlumberger's confidential information with Gary Fischman, Acacia, PSI, or their outside law firms." (*Id.*) The declaration fulfilled the Court's simple requirements.

Schlumberger's real complaint is that the Court did not direct Fischman-ARG to give Schlumberger the ultimate relief it wants—disqualification of ARG, PSI's outside counsel, and Mr. Fischman from the patent suit, which Schlumberger claims would require dismissal of the suit.[1] According to Schlumberger, "disqualification of Fischman and ARG may be necessary because these parties failed to state that they will not participate in the Eastern District Action." (ECF Doc. 13 at 3.) This is first among what Schlumberger calls "glaring deficiencies." (*Id.*) Of course, the Court did not require such statements, nor could Fischman-ARG make them. Mr. Fischman is the ARG licensing executive responsible for licensing the patent. If he were not, another ARG licensing executive would be. Schlumberger is refusing to follow its own representation to the Court that it would withdraw the subpoenas after filing of the declaration the Court ordered. Instead, Schlumberger wants to re-write the Court's order based on a phantom concern that Ms. Rutherford shared confidential Schlumberger information with ARG or PSI.

**B.    Schlumberger Presented No Evidence That Charlotte Rutherford Possesses Information Having A "Substantial Relationship" To The Underlying Patent Case, Confirming That The Subpoenas Are Pointless.**

Even if Schlumberger did have the power to unilaterally modify this Court's orders—and it does not—as demonstrated at the hearing, Schlumberger has no evidence that Ms. Rutherford possesses any confidential information having a "substantial relationship" to the patent suit. Schlumberger represented to the Court that "[a] forensics expert has told us that shortly before leaving, she downloaded onto jump drives an M.I. Swaco Global IP strategy document. That document has much of the confidential and privileged information." (Exhibit A (Movants' excerpts of December 12,

---

[1] In moving in the Western District action (filed by a different ARG subsidiary concerning different technology) to disqualify Ms. Rutherford, Mr. Fischman, ARG, the plaintiff, and the plaintiff's outside counsel, Schlumberger argues such dismissal is the only appropriate remedy.

3 | MOVANTS' REPLY IN SUPPORT OF MOTION TO QUASH

2014 hearing) at 12:11-14.)  **Schlumberger's counsel omitted a significant fact (established by prior testimony of a Schlumberger employee) that Ms. Rutherford's counsel later supplied to the Court:  Ms. Rutherford gave a "jump drive" (and whatever it contained) to her successor at Schlumberger, Robin Nava.**  In her testimony in Schlumberger's state court action that earned Schlumberger $600,000 in sanctions and attorneys' fees, Ms. Nava "said that Charlotte Rutherford downloaded a thousand to 1500 files onto a USB drive and then gave them to her successor at Schlumberger, Robin Nava.  And then she put those on her computer."  (Ex. A at 32:20-23.)  The evidence of "jump drives" does not show that Ms. Rutherford took anything with her.

In addition to having no evidence that Ms. Rutherford took Schlumberger's "Global IP strategy document," Schlumberger made no showing that the document could be a basis for disqualifying anyone.  At the hearing, Schlumberger's counsel gave that document to the court for *in camera* inspection and contended it contained confidential information relevant to damages in the patent suit.  **The Court observed that the so-called confidential document reflected that "[n]othing she knows will not have to be produced by Schlumberger in the damages" portion of the patent suit.**  (Ex. A at 16:20-21.)  Next, Schlumberger argued that ARG or PSI must have used the document to allege "willful" infringement (despite having no evidence that ARG ever saw or possessed the document).  The Court correctly noted that the argument does not hold water because the patent is "public information," and willful infringement allegations routinely appear in infringement complaints absent any indication that the plaintiff or its affiliates had hired an employee of the defendant.  (Ex. A at 18:9.)

What is more, when the Court asked Schlumberger to show the document where Ms. Rutherford told the decision makers at Schlumberger "Go ahead, despite Acacia's patent," Schlumberger over-represented yet again.  Schlumberger's counsel said "I believe it's Number 6" and presented that document to the Court *in camera*.  The document, which ARG and its counsel never saw, purports to show Ms. Rutherford and others at Schlumberger discussing whether to do "a deep dive intellectual property analysis" concerning Schlumberger's shale shaker technology.  (Ex. A at 21:7-8.)  According to Schlumberger, in another document not disclosed to the Court, Ms. Rutherford advised

Schlumberger that such an analysis was not necessary.  As Schlumberger tells it, Ms. Rutherford's decision not to conduct a patent analysis, which may have included PSI's patent, is being used to allege that Schlumberger *knew* it was infringing the patent.

The Court distilled the issue to its essence: "Is there any value to Acacia that would cause her [alleged] disloyalty to be remunerative?" (Ex. A at 22:11-12.)  Schlumberger had nothing with which to answer affirmatively.  **The Court pointed out "This is not a game of Simon says.  Disloyalty has to be something substantial.  But your definition of disloyalty, if she did anything in the oil tool technical side, she would be disqualified, and that's not the case."  (Ex. A at 23:23 – 24:2.)  Undaunted, Schlumberger still took the position that disqualification was in order, and should last "forever."  (Ex. A at 25:23-24.)**

As the Court correctly observed during the hearing, this "evidence" is not the stuff of which disqualification claims are made.  Schlumberger cannot even make a *prima facie* case that Ms. Rutherford did anything material concerning Schlumberger's technology, let alone whether there is a "substantial relationship" to the patent suit.  The subpoenas are pointless.

**C.     PSI's Objections To One Overbroad Interrogatory (Which Schlumberger Mischaracterizes) Are Not A *Post Hoc* Justification For the Subpoenas.**

Schlumberger misrepresents the nature of PSI's objections to Schlumberger's Interrogatory No. 1.  Schlumberger suggests the Interrogatory is specific to PSI's patent suit by seeking "details of any ethical wall between Rutherford and ARG/Fischman/PSI." (ECF Doc. 13 at 2.)[2]  The interrogatory is actually much broader in that it seeks information concerning the "Acacia Persons and Entities" (defined to include ARG and all of its employees or corporate affiliates) and "Schlumberger matters" generally.  (*Id.*, Ex. A at 4.)  As documented, there is another patent suit pending against Schlumberger in the Western District in which PSI and its patent are not involved.  PSI objected and did not respond because the interrogatory "seeks information and documents outside the scope of the Discovery Order in this case" and "seeks information and documents that are neither relevant to a parties' claim or

---

[2] In seeking such information, the interrogatory baselessly presumes, among other things, that ARG has the ethical obligations of a law firm.  As described already in connection with the motion, ARG is not a law firm, nor does Ms. Rutherford work for ARG as an attorney.  Indeed, in the joint declaration filed after the December 12 hearing, Ms. Rutherford re-states the belief that any disqualification would be unwarranted.

defense, nor reasonably calculated to the lead to the discovery of admissible evidence." (*Id.* at 4-5.) PSI's objection concerning "possession, custody, or control" was plainly necessary because, as described above, the interrogatory expressly seeks information concerning ongoing matters in which PSI is not involved. (*Id.*)

Against these basic facts, Schlumberger's contentions that PSI "refuses to provide" relevant information, and that Fischman-ARG's attempt to quash the subpoenas therefore constitute an attempt to "game the system," are baseless hyperbole. (ECF Doc. 13 at 2.)

**D.    Schlumberger Knew It Could Have Subpoenaed ARG In Houston; Its Last-Minute "Jurisdiction" Argument (Already Rejected) Is Hypocritical Because Schlumberger Already Requested (Unsuccessfully) That This Court Transfer The Motion To the Eastern District.**

Schlumberger inaptly cites authority about federal courts' subject matter jurisdiction to contend that this Court may not exercise *personal* jurisdiction over ARG. (ECF Doc. 13 at 14.) According to Schlumberger, this Court may quash the subpoenas to an ARG employee (Mr. Fischman) working in ARG's Houston office whose responsive documents (if any) would exist by virtue of his employment, but is powerless concerning ARG itself. The illogic of this argument is rivaled by its cynicism. Schlumberger could have subpoenaed ARG in Houston, **like it did in the Western District Action**, but it chose to demand production and testimony from ARG in California instead. Schlumberger consented to this Court's authority when it moved (unsuccessfully) to transfer the motions to quash to the Eastern District. The Court exercised its authority over ARG by ordering it to file a declaration concerning Ms. Rutherford, which ARG has done. This forum does not prejudice Schlumberger, and any argument to the contrary is disingenuous.

## CONCLUSION

For the foregoing reasons, Mr. Fischman and ARG respectfully request that the Court grant their motion to quash and award any other relief the Court deems appropriate.

Dated: January 9, 2015

    Respectfully submitted,

**ATLAS LAW PLLC**

*/s/ Katharine M. Atlas*

Katharine M. Atlas
Texas Bar No. 24080777
S.D. Tex. No. 1505751
2525 Robinhood Street
Houston, Texas 77005
Telephone: (713) 561-5544
Facsimile: (832) 201-9874
katlas@atlastriallaw.com

LEAD COUNSEL FOR
GARY FISCHMAN AND
ACACIA RESEARCH GROUP, LLC

**STRADLING YOCCA CARLSON & RAUTH, P.C.**

Marc J. Schneider, CA State Bar No. 214609
   mschneider@sycr.com
Travis P. Brennan, CA State Bar No. 238119
   tbrennan@sycr.com
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660-6422
Telephone:  (949) 725-4000
Facsimile:  (949) 725-4100

OF COUNSEL FOR
GARY FISCHMAN AND
ACACIA RESEARCH GROUP, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that, on January 9, 2015, a true and correct copy of the foregoing document was filed electronically using the Court's electronic filing system. Parties may access this filing through the court's CM/ECF system.

                                      */s/ Katharine M. Atlas*

                                      Katharine M. Atlas